THOMAS A. MESEREAU JR, SBN 91182
KAREN MCCONVILLE, SBN 269234
10100 Santa Monica Boulevard, Suite 300
Los Angeles, California 90067
Tel: 310-651-9960
Fax: 310-772-2295

Attorneys for
ARTUR STEPANYAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARTUR STEPANYAN,<br><br>　　　　　Defendant. | Case No. CR-15-234<br><br>**DEFENDANT ARTUR STEPANYAN'S REPLY TO GOVERNMENT'S RESPONSE**<br><br>Hearing: July 23, 2015<br>Time: 2:00 p.m. |

## INTRODUCTION

On July 16, 2015 defense counsel for Mr. Stepanyan filed an appeal of Magistrate Judge Corley's decision not to release Mr. Stepanyan on bail solely due to an ICE detainer. On July 20, 2015 the government filed its response to the appeal. The court has set a hearing on this matter for July 23, 2015 at 2:00 p.m. Counsel for Mr. Stepanyan file this reply to the government's response.

//

DEFENDANT ARTUR STEPANYAN'S REPLY TO
GOVERNMENT'S RESPONSE

## **ARGUMENT**

The government's response to counsel's appeal argues for the most part that Mr. Stepanyan should remain in custody because he is a flight risk and a danger to the community. The government argues briefly on page 4 that Mr. Stepanyan should also remain in custody because, if released, Mr. Stepanyan will go into ICE custody and be removed from the United States within 90 days.

In support of the government's assertion that Mr. Stepanyan is a flight risk and danger to the community, Mr. Leung makes the same arguments as he did before Judge Corley. Judge Corley, despite the same arguments, did not find Mr. Stepanyan to be a flight risk. Judge Corley did not find that Mr. Stepanyan's 16 year-old prior conviction for healthcare fraud made him a flight risk. Nor was Judge Corley convinced that his prior misdemeanor conviction for carrying a loaded firearm in 1997 and the discovery of a registered and dismantled gun in his garage (the gun was registered to his cousin) made him a danger to the community. Judge Corley found he did not have a reputation or past suggesting violence. Judge Corley was equally unconvinced that the weight of the evidence against Mr. Stepanyan should weigh in favor of remand.

Judge Corley granted bail in the amount of $1 million (to be secured by both parents homes) and GPS monitoring conditioned upon removal or resolution of the ICE detainer. Without the detainer, Judge Corley was adamant that she would have released Mr. Stepanyan on a $1 million bond secured by two properties with GPS monitoring. The detainer was instigated by the government to defeat bail and is neither a warrant, nor a court order based on a finding of probable cause.

Mr. Leung also directs the court to consider the findings of the Magistrate Judge in the Central District of California. In the Central District, Judge Kenton ordered Mr. Stepanyan

1  detained due to his prior 1999 conviction and the finding that he presented a flight risk. Judge

2  Kenton also found that a firearm found in his home presented a risk of danger (a firearm which it

3  was later learned was not registered to Mr. Stepanyan but to his codefendant and cousin).

4      Counsel submits that Judge Corley found no risk of flight and no danger to the

5  community. And while Mr. Leung vehemently argues that the inconsistencies in the two pretrial

6  services reports show Mr. Stepanyan to be untrustworthy for the purposes of release, Judge

7  Corley noted that counsel did not represent Mr. Stepanyan when he was interviewed after his

8  arrest in the Central District.

9      As to Mr. Stepanyan's employment in his mother's pharmacy when he was a teenager

10 more than 15 years ago, counsel is uncertain as to how this is in anyway relevant to the

11 proceedings before this court.

12     Additionally, while Mr. Leung in the majority of his response chose to ignore the statues

13 and case law cited by defense counsel, he did briefly address the issue of the ICE detainer lodged

14 against Mr. Stepanyan. Mr. Leung has pointed out to the court that an outstanding warrant of

15 removal has been pending against Mr. Stepanyan since 2001. This is true. However, no detainer

16 existed against Mr. Stepanyan until Mr. Leung contacted immigration authorities on July 6, 2015.

17     And while ICE has now issued a detainer against Mr. Stepanyan, they have yet to act on

18 it. The detainer is based on an order of removal dating back to 2001 and ICE has not yet deported

19 Mr. Stepanyan nor attempted to since his arrest.

20     Mr. Leung believes counsel fails to understand Mr. Stepanyan's immigration issues and

21 cites 8 U.S.C. 1231(a)(1)(A) and (a)(1)(B)(iii) as requiring Mr. Stepanyan subject to mandatory

22 removal within 90 days. Furthermore, Mr. Leung directs the court to three cases where the court

23 denied bail because the defendants were facing removal orders.

DEFENDANT ARTUR STEPANYAN'S REPLY TO
GOVERNMENT'S RESPONSE

-3-

However, what Mr. Leung fails to understand is that the defendants in the cases he cited were subject to a mandatory removal order based on the charges filed against them, all of which were under 8 U.S.C. 1326. Defendants Muniz, Campos and Lozano where the subject of a removal order because they had been deported previously and reentered the United States illegally. Therefore, the immigration statues provide:

> "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed ... the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed."

> 8 U.S.C. § 1231(a)(5) (emphasis added).

As a result, an illegal alien who was deported after having committed a felony and who reenters the United States illegally is automatically subject to the prior order of removal, which cannot be reopened or reviewed. Thus, a defendant in this position must always be taken into the custody of ICE during the ninety-day removal period making their release on bail futile.

However, the same cannot be said for Mr. Stepanyan. While a final order of removal may have been entered against Mr. Stepanyan, he has never been deported from the United States and as such has not reentered the United States illegally. Therefore, he is not subject to a mandatory removal within 90 days as the government suggests. Mr. Stepanyan's immigration issues can still be reviewed and reopened to avoid immediate deportation.

## CONCLUSION

While Mr. Leung choses to ignore 18 U.S.C. 3142(d) and the highly applicable case law, specifically the *Adomoko*[1] case as cited by defense counsel, counsel trusts that the court will consider all legal authority cited in reaching a decision on Mr. Stepanyan's bail. Furthermore, Mr. Stepanyan requests that the court similarly find that he is neither a flight risk nor a danger to the community and release him on the conditions proposed by Judge Corley on July 9, 2015.

---

[1] *United States v. Adomako*, 150 F. Supp. 2d 1302, 1307 (M.D. Fla. 2001)

DEFENDANT ARTUR STEPANYAN'S REPLY TO
GOVERNMENT'S RESPONSE

-4-

Dated: 7.21.15

Respectfully submitted,

By: _____/s/_____
Thomas A. Mesereau Jr

By: _____/s/_____
Karen McConville
Attorneys Artur Stepanyan

DEFENDANT ARTUR STEPANYAN'S REPLY TO
GOVERNMENT'S RESPONSE

-5-