DONALD M. RE, SBN 49079
A Professional Law Corporation
624 S. Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone: (213) 623-4234
Email: donaldmreplc@yahoo.com

MICHAEL STEPANIAN (CSBN 037712)
JENNIFER L. NAEGELE (CSBN 232643)
819 Eddy Street
San Francisco, CA 94109
Telephone: (415) 771-6174
Facsimile: (415) 474-3748

Attorneys for Defendant
MIHRAN STEPANYAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 3:15-cr-00234-CRB |
| ) | |
| Plaintiff, ) | **DEFENDANTS' JOINT REPLY TO GOVERNMENT'S RESPONSE RE SIMULTANEOUS CASES** |
| ) | |
| v. ) | |
| ) | |
| MIHRAN STEPANYAN, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Defendants Mihran Stepanyan, Artur Stepanyan, David Miller, James Russo, Jeannette Couch, Marie Polichetti, and Bernardo Guillen hereby reply to the Government's Response to July 10, 2015 Order re: Simultaneous Cases, Docket No. 194. Their separate positions are jointly submitted as follows:

/ /

/ /

## I. DEFENDANTS MIHRAN STEPANYAN AND ARTUR STEPANYAN

### A. The Government Has Not Fully Responded to the Court's Order.

It is respectfully submitted that the government has not fully responded to the inquiries posed by the Court regarding "simultaneous cases."

The government does, however, acknowledge that there may be "overlapping evidence" in the two cases. Government Response, p. 2:16. This fact is, itself, an acknowledgment that the circumstance here is not that of a defendant who has committed two separate crimes in different jurisdictions, but rather one alleged crime that spanned two different districts. Under these circumstances, the double jeopardy and due process issues are evident. However, the government did not explore or explain the contacts it may have had with the Department of Justice, the FDA, or others with regard to the multiple prosecutions issue.

The questions posed by such activity may become critical in this case.

### B. Defendants Face Multiple Prosecutions for the Same Alleged Conduct, Convictions for Which Would Violate the Double Jeopardy Clause, and Thus the California Case Should Be Dismissed.

It appears that while indicting the defendants Mihran Stepanyan, Artur Stepanyan, and David Miller in the United States District Court for the Northern District of California, the government was aware of the investigation that had been conducted in the Southern District of Ohio since approximately 2011; was aware of the similarities in the charges and events alleged; and nonetheless indicted the case in San Francisco without consultation with either the Assistant United States Attorney in Ohio responsible for that investigation, or with the United States Department of Justice. The result is that these defendants face multiple prosecutions for the same alleged course of conduct.

The double jeopardy clause of the Fifth Amendment to the United States Constitution ("[n]o person shall … be subject for the same offense to be twice put in jeopardy of life or limb") was designed, historically, to avoid "multiple prosecutions." In *United States v. Wilson*, 420 U.S. 332 (1975), the Court discussed the common law history leading to the adoption of the double jeopardy provision, and noted that these origins suggest it was directed at "the threat of multiple

2

prosecutions." *Id.* at 342; see also *United States v. Stanton*, 501 F.3d 1093, 1098 (9th Cir. 2007).

While *Wilson* makes clear that the double jeopardy issue may not become ripe until there is at least one conviction and sentence, the accepted analysis is that the Ohio and California indictments here are sufficiently interrelated to pose an inevitable risk that a conviction or acquittal in either jurisdiction will result in the remaining indictment being barred by double jeopardy.

The fact that the charges are pending in different district courts is irrelevant. As was established in *United States v. Enas*, 255 F.3 662 (9th Cir. 2001), while double jeopardy may not apply in circumstances involving "dual sovereignty," such an exception is not applicable where the offenses are all brought by the United States Department of Justice in different district courts.

The upshot is that the San Francisco prosecution, at least with regard to these defendants, is a substantial and unjustified overreaching of the authority of the United States government, requires these defendants to defend the same conduct in courts separated by thousands of miles, and, should either prosecution result in conviction or acquittal, will ultimately result in double jeopardy.

As a result, it is respectfully submitted that the action of the government in indicting these defendants in San Francisco is an offensive overreaching of the authority of the Department of Justice, and requires a dismissal of the charges against them.

**C.   In the Absence of Dismissal of the California Case, the Ohio Case Should Be Transferred to this District.**

In the alternative, based upon the nature of the charges brought in California versus those brought in Ohio, the rational solution, in the absence of dismissal of the California charges, is to transfer the Ohio case to the Northern District of California pursuant to Fed. R. Crim. Pro. 21.

The charges in California include a RICO allegation that is not a part of the Ohio prosecution. Although the defense strongly believes the RICO is improperly pled and should be independently dismissed, it is suggested that the logical approach at this point is to transfer the Ohio case, which is a subset of the California indictment and akin to an overt act of the California charges, to the Northern District of California.

3

## II. DEFENDANT DAVID MILLER

Defendant David Miller maintains that the charges pending against him in this Court and in the Southern District of Ohio should be consolidated under Fed. R. Crim. P. 13 and 21(b) for a single trial, either here or in Ohio. Maintaining two separate prosecutions unfairly increases the expense and other burdens associated with defending federal criminal charges.

The government first sought to brand Miller's pharmaceutical wholesale business as criminal in the Central District of California. *United States v. Blackburn and Miller*, Case No. SA CR 09-0222 (C.D. Cal.). That indictment included mail and wire fraud charges and charges under the Prescription Drug Marketing Act (PDMA), 21 U.S.C. 331 et seq. It covered the time period January 2002 through 2005. In that case, the government obtained a sealed indictment on November 18, 2009. It waited more than two years, until December 7, 2011, to unseal the indictment. The government never offered an adequate explanation for sealing the indictment and maintaining it under seal for two years. The district court ultimately dismissed the indictment on statute of limitations grounds on March 25, 2013.

Undeterred, the government has indicted Miller twice more, here and in the Southern District of Ohio. In the Ohio case, the government has again charged Miller with mail fraud violations, as well as conspiracy to commit mail fraud and conspiracy to violate the PDMA and to make false statements. That indictment covers the period September 2007 to April 2014. It alleges that Miller's wholesale distribution of prescription drugs was unlawful because companies with which he is allegedly associated—MIC, E-Tail, and B&Y Wholesale Distributors—obtained drugs from unauthorized distributors and submitted false drug "pedigrees." Through the use of initials, the Ohio indictment refers to James Russo, Jeannette Couch, Marie Polichetti, Bernardo Guillen, and Javier Ramirez, all of whom are defendants here. That indictment also charges Mihran Stepanyan and Artur Stepanyan, both of whom are defendants here.

The indictment against Miller in this District covers the period 2009 through May 2015, a substantial overlap with the period charged in the Ohio indictment. Although the indictment in this District includes some offenses not charged in the Ohio indictment—including RICO conspiracy, money laundering conspiracy, identity theft conspiracy, and access device fraud conspiracy—it

4

also charges some of the same offenses, including conspiracy to commit mail fraud and conspiracy to violate the PDMA. More importantly, the Northern District of California indictment rests on the same essential factual and legal theory as the Ohio indictment: that Miller's alleged businesses (MIC, E-Tail, and B&Y Wholesale Distributors) obtained prescription drugs from unauthorized distributors and submitted false drug pedigrees. *E.g.,* Doc. 163 at 4, paragraphs 10-14; see Doc. 168 at 1 (Court notes that Ohio and California indictments "level[] the same basic allegation" against Miller, the Stepanyans, and MIC).

The Ohio case and Miller's portion of this case will involve common legal issues, including substantial issues concerning the lawfulness of Miller's alleged business model, and a near-complete overlap of witnesses and exhibits. There is no conceivable legitimate reason for forcing Miller to defend essentially the same broad allegations in two federal courts at the same time—especially in the wake of having defended against similar allegations recently in the Central District of California. For these reasons, Miller urges the Court to consolidate the cases for trial under Rules 13 and 21(b), either by transferring the Ohio case here or by transferring this case (or Miller's portion of it) to Ohio and, following transfer, consolidating the two cases.

## III.  DEFENDANTS JAMES RUSSO, JEANNETTE COUCH, MARIE POLICHETTI, AND BERNARDO GUILLEN

In the Ohio case, the Government charged the Minnesota Independent Cooperative, Inc. ("MIC") and three individuals with conspiracy to commit mail fraud, substantive mail fraud allegations, and conspiracy to violate the PDMA and to make false statements.  The Ohio indictment refers to Messrs. Russo and Guillen and Mmes. Couch and Polichetti (by their initials, *see United States v. Miller*, SD OH Case No. 15 Cr. 52 TSB, ECF No. 3 at ¶12(a)-12(d)), each of whom are defendants here and each of whom were employees of MIC.  In this case, the Government charges these four defendants with three counts each, as follows: conspiracy to commit mail, wire, and bank fraud (Count 4); conspiracy to commit money maundering (Count 5), and conspiracy to engage in unlicensed wholesale distribution of drugs (Count 7).  Whereas the indictment handed down in Ohio presents a carefully-crafted and detailed exposition of a long-running investigation into unlicensed prescription drug wholesaling, the same essential allegations

5

appear to have been pasted at the last minute into an unrelated money laundering investigation out of the Northern District of California. *Compare id*. (generally) *with* ECF No. 163 ¶ 13.

These four are not defendants in the Ohio case. Rather, in the investigation leading up to and through that prosecution—a prosecution in which the Government was represented by attorneys from the Office of the United States Attorney for the Southern District of Ohio *and* Main Justice—these defendants, three of whom were represented by the same counsel, each entered cooperation agreements with the Government. *See* Exhibit A (collecting agreements). These agreements were broad, covered the United States' "investigation in the Southern District of Ohio into various offenses arising out of the illegal diversion and sale of pharmaceutical drugs" and included the obligation of each individual "to testify truthfully upon request of the United States before the federal grand jury *or in any court proceedings related to this investigation*." *See id*. (emphases added).

The United States "[c]onditioned [these agreements] upon [each individual's] continuing, complete and truthful cooperation[.]" *See id*. In exchange, the United States promised that each of the persons would "not [be] a person that is … recommended for indictment by the Grand Jury with respect to federal offenses arising out of the illegal sale of pharmaceutical drugs in the Southern District of Ohio." *See id*. The United States and each of these persons executed these agreements to "reflect their full understanding of, and agreement to comply with, the obligations set forth" therein. *See id*.

These individuals—each of whom fulfilled his/her obligations to the United States—now question exactly how they ended up charged as defendants in a criminal prosecution "related to [the Ohio] investigation." According to the terms of their agreements, each has waived his/her Fifth Amendment protections and may, under these agreements, be called by the Government to testify in what now has become their own criminal trial. Was this by design? Did the United States always intend to trick these four into cooperating only to find themselves charged in a "different" district? So too, Department of Justice policy required the prosecutors leading these investigations to consult with one another before charging these cases. *See* USAM ¶ 9-2.031(A).
////

If the charging of these four was not the plan from the beginning, then what changed, other than the Government's receipt of truthful cooperation from each of these persons?

Obviously, each of these four defendants has a strong interest in enforcing their agreements with the United States, *viz.*, enforcing their promise of non-prosecution in exchange for truthful testimony. *See Santobello v. New York*, 404 U.S. 257 (1971). On this issue, important questions remain unanswered by the United States. At a minimum, the Government—in the form of declarations filed by lead counsel in the Ohio case and the California case—should be required to set forth in detail the level of coordination in these cases, including a catalog of the evidence shared between the two investigations regarding these four defendants. So too, the Government should be called upon to justify its charging of these four individuals in this case despite those persons' settled, reasonable expectations that they would remain as Government witnesses so long as they continued to meet their obligations to testify truthfully at the request of the United States.

On this record, these four defendants respectfully contend that the charges against them in this district should be transferred to Ohio to ensure enforcement of their non-prosecution agreements.

## IV.  OTHER DEFENDANTS

Undersigned counsel have met and conferred via telephone conference with counsel for most of the remaining defendants, many of whom reside in Los Angeles. These defendants agree that proceeding in Ohio will present hardships for defendants and their counsel versus proceeding in California.

DATED: July 24, 2015                           Respectfully submitted,


                                               ___/s/_____
                                               DONALD M. RÉ
                                               MICHAEL STEPANIAN
                                               Attorneys for Defendant
                                               MIHRAN STEPANYAN

7

1
2
3

                    ___/s/_____
THOMAS ARTHUR MESEREAU , JR.
KAREN McCONVILLE
Attorneys for Defendant
ARTUR STEPANYAN

4
5
6

                    ___/s/_____
JOHN D. CLINE
K.C. MAXWELL
Attorneys for Defendant
DAVID MILLER

7
8
9

                    ___/s/_____
ETHAN A. BALOGH
Attorney for Defendant
JEANNETTE COUCH

10
11
12

                    ___/s/_____
DANIEL M. SCOTT
Attorney for Defendant
JAMES RUSSO

13
14
15

                    ___/s/_____
DAVID LEE ANDERSEN
Attorney for Defendant
MARIE POLICHETTI

16
17
18

                    ___/s/_____
DANIEL PAUL BLANK
Attorney for Defendant
BERNARDO GUILLEN

19
20
21
22
23
24
25
26
27
28

8

# EXHIBIT A



**U.S. Department of Justice**
*United States Attorney*
*Southern District of Ohio*

---

221 East Fourth Street
Suite 400
Cincinnati, Ohio 45202

Telephone: 513-684-3711
Fax: 513-684-6385

April 2, 2014

James P. Fleisher, Esq.
BIESER, GREER & LANDIS LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908

    In Re:    Bernie Guillan

Dear Mr. Fleisher:

    You have advised that your client, Bernie Guillan, has agreed to provide full, complete, and truthful cooperation to the United States in connection with the ongoing investigation in the Southern District of Ohio into various federal offenses arising out of the illegal diversion and sale of pharmaceutical drugs. You have advised that Mr. Guillan is prepared to be fully debriefed by federal law enforcement agents as directed by the undersigned Assistant United States Attorney and Trial Attorney, and has agreed to answer all questions completely and truthfully. In addition, Mr. Guillan has agreed to testify truthfully upon request of the United States before the federal grand jury or in any court proceedings related to this investigation.

    Conditioned upon Mr. Guillan's continuing, complete, and truthful cooperation as described above, this is to advise that Mr. Guillan is not a target of the Grand Jury's investigation, that is, he is not a person that is being recommended for indictment by the Grand Jury with respect to federal offenses arising out of the illegal sale of pharmaceutical drugs in the Southern District of Ohio.

    The parties' signatures below reflect their full understanding of, and agreement to comply with, the obligations set forth in this letter.

    The terms and conditions of the proffer letter agreement dated April 20, 2012 will continue to be in full force and effect.

*James P. Fleisher, Esq.*
*April 2, 2014*
*Page 2 of 2*

CARTER M. STEWART
United States Attorney

4.2.14
DATE

ANNE L. PORTER
Assistant United States Attorney

4/2/14
DATE

JOSH BURKE
Trial Attorney

4/2/14
DATE

JAMES P. FLEISHER, ESQ.
Counsel for Witness

4/2/14
DATE

BERNIE GUILLAN BERNARDO GUILLEN
Witness

ALP/lks

cc: SA Kevin Bereda, FDA
    Insp. Alejandro Almaguer, USPIS



**U.S. Department of Justice**

*United States Attorney*

*Southern District of Ohio*

---

*221 East Fourth Street*  *Telephone: 513-684-3711*
*Suite 400*  *Fax: 513-684-6385*
*Cincinnati, Ohio 45202*

April 2, 2014

James P. Fleisher, Esq.
BEISER, GREER & LANDIS LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908

      In Re:   Jeanette Couch

Dear Mr. Fleisher:

      You have advised that your client, Jeanette Couch, has agreed to provide full, complete, and truthful cooperation to the United States in connection with the ongoing investigation in the Southern District of Ohio into various federal offenses arising out of the illegal diversion and sale of pharmaceutical drugs. You have advised that Ms. Couch is prepared to be fully debriefed by federal law enforcement agents as directed by the undersigned Assistant United States Attorney and Trial Attorney, and has agreed to answer all questions completely and truthfully. In addition, Ms. Couch has agreed to testify truthfully upon request of the United States before the federal grand jury or in any court proceedings related to this investigation.

      Conditioned upon Ms. Couch's continuing, complete, and truthful cooperation as described above, this is to advise that Ms. Couch is not a target of the Grand Jury's investigation, that is, she is not a person that is being recommended for indictment by the Grand Jury with respect to federal offenses arising out of the illegal sale of pharmaceutical drugs in the Southern District of Ohio.

      The parties' signatures below reflect their full understanding of, and agreement to comply with, the obligations set forth in this letter.

      The terms and conditions of the proffer letter agreement dated April 20, 2012 will continue to be in full force and effect.

James P. Fleisher, Esq.
April 2, 2014
Page 2 of 2

                                  CARTER M. STEWART
                                  United States Attorney

4.2.14
DATE

*[signature]*
ANNE L. PORTER
Assistant United States Attorney

4/2/14
DATE

*[signature]*
JOSH BURKE
Trial Attorney

4/2/14
DATE

*[signature]*
JAMES P. FLEISHER, ESQ.
Counsel for Witness

4-2-14
DATE

*[signature]*
JEANETTE COUCH
Witness

ALP/lks



**U.S. Department of Justice**
*United States Attorney*
*Southern District of Ohio*

*221 East Fourth Street*    *Telephone: 513-684-3711*
*Suite 400*    *Fax: 513-684-6385*
*Cincinnati, Ohio 45202*

April 2, 2014

James P. Fleisher, Esq.
BIESER, GREER & LANDIS LLP
400 PNC Center
6 North Main Street
Dayton, Ohio 45402-1908

    In Re:    Marie Polichetti

Dear Mr. Fleisher:

    You have advised that your client, Marie Polichetti, has agreed to provide full, complete, and truthful cooperation to the United States in connection with the ongoing investigation in the Southern District of Ohio into various federal offenses arising out of the illegal diversion and sale of pharmaceutical drugs. You have advised that Ms. Polichetti is prepared to be fully debriefed by federal law enforcement agents as directed by the undersigned Assistant United States Attorney and Trial Attorney, and has agreed to answer all questions completely and truthfully. In addition, Ms. Polichetti has agreed to testify truthfully upon request of the United States before the federal grand jury or in any court proceedings related to this investigation.

    Conditioned upon Ms. Polichetti's continuing, complete, and truthful cooperation as described above, this is to advise that Ms. Polichetti is not a target of the Grand Jury's investigation, that is, she is not a person that is being recommended for indictment by the Grand Jury with respect to federal offenses arising out of the illegal sale of pharmaceutical drugs in the Southern District of Ohio.

    The parties' signatures below reflect their full understanding of, and agreement to comply with, the obligations set forth in this letter.

    The terms and conditions of the proffer letter agreement dated April 20, 2012 will continue to be in full force and effect.

James P. Fleisher, Esq.
April 2, 2014
Page 2 of 2

CARTER M. STEWART
United States Attorney

4/2/14
DATE

ANNE L. PORTER
Assistant United States Attorney

4/2/14
DATE

JOSH BURKE
Trial Attorney

4/2/14
DATE

JAMES P. FLEISHER, ESQ.
Counsel for Witness

4-2-14
DATE

MARIE POLICHETTI
Witness

ALP/lks

cc:   SA Kevin Bereda, FDA
      Insp. Alejandro Almaguer, USPIS



**U.S. Department of Justice**

*United States Attorney*

*Southern District of Ohio*

---

*221 East Fourth Street*  
*Suite 400*  
*Cincinnati, Ohio 45202*

*Telephone: 513-684-3711*  
*Fax: 513-684-6385*

May 6, 2014

Daniel M. Scott, Esq.
KELLEY, WOLTER & SCOTT, P.A.
Attorneys at Law
Centre Village Offices
431 S. Seventh Street, Ste. 2530
Minneapolis, MN  55415

    In Re:    James Russo

Dear Mr. Scott:

    You have advised that your client, James Russo, has agreed to provide full, complete, and truthful cooperation to the United States in connection with the ongoing investigation in the Southern District of Ohio into various federal offenses arising out of the illegal diversion and sale of pharmaceutical drugs. You have advised that Mr. Russo is prepared to be fully debriefed by federal law enforcement agents as directed by the undersigned Assistant United States Attorney and Trial Attorney, and has agreed to answer all questions completely and truthfully. In addition, Mr. Russo has agreed to testify truthfully upon request of the United States before the federal grand jury or in any court proceedings related to this investigation.

    Conditioned upon Mr. Russo's continuing, complete, and truthful cooperation as described above, this is to advise that Mr. Russo is not a target of the Grand Jury's investigation, that is, he is not a person that is being recommended for indictment by the Grand Jury with respect to federal offenses arising out of the illegal sale of pharmaceutical drugs in the Southern District of Ohio.

    The parties' signatures below reflect their full understanding of, and agreement to comply with, the obligations set forth in this letter.

*Daniel M. Scott, Esq.*
*May 6, 2014*
*Page 2 of 2*

                                          CARTER M. STEWART
                                          United States Attorney

5.6.14
DATE

ANNE L. PORTER
Assistant United States Attorney

5/6/14
DATE

JOSH BURKE
Trial Attorney

5.6.14
DATE

CHRISTY L. MUNCY
Assistant United States Attorney

5.6.14
DATE

DANIEL M. SCOTT, ESQ.
Counsel for Witness

5-6-14
DATE

JAMES RUSSO
Witness

ALP/lks

cc:   SA Kevin Bereda, FDA
      Insp. Alejandro Almaguer, USPIS