THOMAS A. MESEREAU JR, SBN 91182
10100 Santa Monica Boulevard, Suite 300
Los Angeles, California 90067
Tel: 310-651-9960
Fax: 310-772-2295

KAREN MCCONVILLE, SBN 269234
Pier 9, Suite 100
San Francisco, California 94111
Tel: 415-786-7806
Fax: 415-226-0518

Attorneys for
ARTUR STEPANYAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTUR STEPANYAN,<br><br>Defendant. | Case No. CR-15-234<br><br>**DEFENDANT ARTUR STEPANYAN'S JOINDER OF MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 9, 2016<br>Time: 2:00 p.m. |

**INTRODUCTION**

On January 15, 2016, defendants Mihran Stepanyan and Maxwell Starsky filed a Notice of Motion and Motion to Dismiss Count One of the Superseding Indictment; Memorandum of Points and Authorities (Docket No. 377). Defendant, Artur Stepanyan, joins, adopts and

-1-
DEFENDANT ARTUR STEPANYAN'S JOINDER
OF MOTION TO DISMISS COUNT ONE OF THE
SUPERSEDING INDICTMENT

incorporates by reference herein the arguments made in defendants Mihran Stepanyan and Maxwell Starsky's motion. Mr. Stepanyan adds the following arguments and authority.

**ARGUMENT**

During the government's investigation of the lead defendant, Ara Karapedyan, the government happened upon several alleged unrelated conspiracies. The government in the superseding indictment has attempted to lump these alleged unrelated conspiracies into a RICO charge, count one. The benefit of doing so for the government is two-fold. One, it combines their entire multifaceted investigation into one case for ease of prosecution that will allow the prejudicial acts alleged against other co-defendants, unknown to Mr. Stepanyan, to come in at trial including a highly prejudicial alleged conspiracy to commit a murder-for-hire. Two, it exposes all the defendants to much more serious criminal penalties, even if they were not involved at all. The RICO statue was not enacted for these purposes.

**I. NO RICO CONSPIRACY IN EXISTENCE**

The conspiracies alleged appear to be loosely linked together based on a sporadic association of the defendants predominantly within the Armenian community. For example, it would appear that the government contends that because one defendant may have known another and that person in turn knew somebody else, that is enough to establish that all three persons where co-conspirators in the same RICO enterprise and as such any affairs conducted were done so under the guise of a criminal enterprise. This is absurd.

To quote the government, a RICO conspiracy requires that the defendants "knowingly combined, conspired, confederated, and **agreed together and with each other** to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise". *See Superseding Indictment*, Page 19 of 52, paragraph 32, lines 25-28. The key to any RICO

conspiracy is that there must be an agreement. The government alleges no such agreement(s) with any particularity other than to quote the text of the statue. Mr. Stepanyan was not aware of any such enterprise being in existence or of the activities of any the other co-defendants in this case. Mr. Stepanyan has never even heard of some of the co-defendants that have been indicted much less conspired with them. With no knowledge, there is no agreement and there can be no RICO conspiracy.

**II. THE GOVERNMENT HAS FAILED TO PLEAD A RICO ENTERPRISE SEPARATE AND APART FROM THE PATTERN OF RACKETEERING ACTIVITY ALLEGED**

The government has failed to allege a sufficient enterprise under the RICO statue. Constantly referring to the "Karapedyan-Stepanyan Enterprise" and acts committed by various unrelated defendants without more is not sufficient. The existence of an enterprise is at all times a separate element that must be proved. The Eighth Circuit has explained that "under RICO, an enterprise cannot simply be the undertaking of the acts of racketeering, neither can it be the **minimal association** which surrounds these acts". *See United States v. Bledsoe* (8th Cir. 1982) 674 F.2d 647 at 664.

In this case, the RICO count is nothing more than a vague, non-specific recitation of the alleged conspiracies in counts two through seven. The alleged enterprise is essentially the grouping of these distinct and separate conspiracies and their defendants under the "Karapedyan-Stepanyan Enterprise" banner created by the government. In this case, there is at best a minimal association, if at all, between co-defendants based upon their familial/business relationships within the Armenian community.

The defendants in *Robinson v. Kidder, Peabody & Co.* (E.D.Mich. 1987) 674 F.Supp. 243 at 244 perhaps put it best by stating: "the mere commission of some felonies by a few persons cannot constitute an "enterprise" if there is no other infrastructure between them in support of a

DEFENDANT ARTUR STEPANYAN'S JOINDER
OF MOTION TO DISMISS COUNT ONE OF THE
SUPERSEDING INDICTMENT

continuing relationship". The allegations of felonies as plead by the government in this case do not constitute an enterprise.

### a. THE ALLEGED CONSPIRACIES

There would appear to be a grouping by the government of at least six different alleged conspiracies that do not support an infrastructure indicative of a criminal enterprise. One of the alleged conspiracies is the unlicensed wholesale distribution of drugs, which in turn contains three separate alleged conspiracies. Firstly, between defendants Mihran Stepanyan, Artur Stepanyan, David Miller and Miller's employees at MIC (Minnesota Independent Co-operative): Bernard Guillen, Javier Ramirez, Jeannette Couch, Marie Polichetti and James Russo beginning on or about 2009. *Id* p. 7, ¶¶ 12-14.

Secondly, between defendants Hugo Marquez, Arman Zargaryan, Eric Figueroa, Alexander Soliman, Cheryl Barndt and Arman Danielian involving the companies Apex Pharmaceuticals, Maroon Pharma, ME Wholesale[1] and Nuvo Pharmaceuticals between 2012 and 2014. *Id.* at p. 10, ¶¶ 15-16.

Thirdly, between defendant's Ara Karapedyan, Maxwell Starsky and Sevak Gharghani involving ME Wholesale in 2013 only. There exists no continuity between these alleged conspiracies. They are alleged between different co-defendants and companies on an *ad hoc* basis at different times between 2009 and 2014.

The second of the alleged conspiracies is the negotiation of fraudulent checks. *Id.* at p. 11, 12, 13 & 14 ¶¶ 20-23. There is no mention of Artur Stepanyan in this conspiracy and he is in no way related to this alleged conduct by any form of association with the co-defendants alleged.

---

[1] While the indictment alleges that Mihran Stepanyan and Artur Stepanyan originally created this business there is no allegation or evidence in discovery reviewed thus far to suggest they knew or were in any way involved with the alleged conspiracies among these defendant's to distribute drugs.

DEFENDANT ARTUR STEPANYAN'S JOINDER
OF MOTION TO DISMISS COUNT ONE OF THE
SUPERSEDING INDICTMENT                                      -4-

The third of the alleged conspiracies is money laundering. *Id.* at p. 14, 15, & 16 ¶¶ 24-27. There is no mention of Artur Stepanyan in this conspiracy and he is in no way related to this alleged conduct by association unless the government believes that he should be considered so simply because he is related to Mihran Stepanyan.

The fourth of the alleged conspiracies is the alleged murder-for-hire. *Id.* at p. 16, ¶ 8. There are only two co-defendants, Ara Karapedyan and Gevork Ter-Mkrtchyan, alleged to be involved in this conspiracy despite the government's allegation that one of the purposes of the enterprise includes: "[E]liminating through violence and the threat of violence individuals who opposed or angered enterprise members and associates". *Id.* at p. 18, ¶ 30.d. Apparently, only Ara Karapedyan and Gevork Ter-Mkrtchyan were aware of this alleged purpose.

The fifth of the alleged conspiracies is access device fraud. *Id.* at p. 28, 29 ¶ 45. This conspiracy allegedly involved co-defendants Sevak Gharghani, Ara Karapedyan, Arman Petroysan and Lanna Karapedyan. There is no mention of Artur Stepanyan in this conspiracy.

The sixth and final conspiracy is forging endorsements on treasury checks. *Id.* at p. 41, 42 ¶ 61. It involves only ten of the thirty-three co-defendants in this case, again, there is no mention of Artur Stepanyan.

Instead of charging these individual conspiracies against their alleged actors the government simply grouped together all the individuals and their entities involved in the alleged racketeering acts and called them the "Karapedyan-Stepanyan Enterprise". There is no indication that counsel can see to conclude that they were an "ongoing organization". They instead are an *ad hoc* collection of individuals and entities that each happened to be in related in some manner. They were not acting for the benefit of one another under the guise of a criminal enterprise.

Furthermore, it would seem that the United States Attorney in Ohio did not view any of

these alleged links between co-defendants and the alleged conspiracies as constituting an enterprise. Defendants David Miller, MIC, Mihran Stepanyan and Artur Stepanyan are charged in a single indictment with no other co-defendants and no RICO enterprise is alleged. *See Indictment* in Criminal Case 1:15-cr-00052 TSB, United States District Court, Southern District of Ohio, Western Division.

### III. THE RICO ENTERPRISE DOES NOT HAVE AN OVERARCHING STRUCTURE OVER THE SEPARATE INDIVIDUALS

A RICO enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. See *United States v. Turkette* (1981) 452 U.S. 576, 583 [101 S.Ct. 2524, 2528, 69 L.Ed.2d 246, 254]. The government has failed to show the existence of an organization among the various co-defendants or that the organization has some continuity.

By contrast in the *United States v. Feldman* (9th Cir. 1988) 853 F.2d 648 the Court found that Feldman was the principal in each venture of the enterprise and he participated in each operating business. The same cannot be said here. While the government has attempted to insert Ara Karapedyan in each conspiracy alleged he certainly did not participate in each operating business. Ara Karapedyan had no control over the separate associations of individuals in this case. Furthermore, there is no indication that Artur Stepanyan acted at the behest of Ara Karapedyan, or that he was a central figure himself directing the affairs of a RICO enterprise.

### CONCLUSION

Count one of the superseding indictment should be dismissed because the government has failed to plead a RICO conspiracy even existed, that there was an enterprise in existence separate and apart from that of the racketeering activity alleged and that there was some module of structure to this supposed "Karapedyan-Stepanyan Enterprise". What this case does present is an

DEFENDANT ARTUR STEPANYAN'S JOINDER OF MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT

-6-

*ad hoc* collection of entities individuals stumbled upon by the government. Therefore, it is requested that count one of the superseding indictment be dismissed.

Dated: 1.25.16                                                      Respectfully submitted,


By: _____/s/_____
    Thomas A. Mesereau Jr


By: _____/s/_____
    Karen McConville
    Attorneys for Artur Stepanyan