ALEX G. TSE (CABN 152348)
First Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

DAMALI A. TAYLOR (CABN 262489)
MARC PRICE WOLF (CABN 254495)
CLAUDIA A. QUIROZ (CABN 254419)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
FAX: (415) 436-6753
damali.taylor@usdoj.gov
marc.wolf@usdoj.gov
claudia.quiroz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ARA KARAPEDYAN, et. al.<br>Defendants. | No. CR 15-0234 CRB<br><br>UNITED STATES' SUPPLEMENTAL RESPONSE TO TER-MKRTCHYAN MOTION TO SEVER<br><br>Court: The Honorable Charles R. Breyer |

## ARGUMENT

During the February 8, 2017 hearing on his motion to sever, defendant Ter-Mkrtchyan repeatedly argued that the murder-for-hire plot charged in Count 6 of the Second Superseding Indictment was entirely unrelated to the charged RICO conspiracy and unlawful drug diversion scheme. Indeed, when undersigned counsel pointed out at the hearing that the government will introduce evidence and elicit testimony that will show the interconnectedness between the two schemes, Ter-Mkrtchyan even suggested—improperly and with no basis—that the government was misrepresenting facts. The government therefore submits Exhibits A and B to demonstrate to the Court that the murder-for-hire plot in which Ter-Mkrtchyan participated is not merely an unrelated love triangle but rather interconnected with the RICO conspiracy and the drug diversion conspiracies. *See* Exhibits A-B (submitted under seal).[1] For example, Exhibit A demonstrates the following:

1) Ter-Mkrtchyan and his paramour (Artemchuk) were business partners in the diverted prescription drug scheme;

2) the victim of the murder-for-hire plot worked for Ter-Mkrtchyan's drug business;

3) some of the diverted drugs in Ter-Mkrtchyan's business with Artemchuk came from co-defendant Karapedyan;

4) Ter-Mkrtchyan used Karapedyan to intimidate a supplier/purchaser who had refused to pay for expired diverted prescription drugs;

5) Ter-Mkrtchyan was so angry when he found out about the affair at issue that he made clear to a supplier/purchaser that he had decided to cut Artemchuk out of the drug diversion scheme because of it.

And so, just as government counsel stated at the hearing, the evidence will show that the murder-for-hire charge was far from only a personal vendetta, but rather directly concerned and impacted the very drug diversion scheme also charged in the Second Superseding Indictment.

---

[1] Exhibit B was produced as Bates Nos. Karapedyan_Reports-737587 to 737590. These exhibits are Jencks Act material. The government has therefore redacted portions of said exhibits that do not reference the murder-for-hire. Each of the exhibits referenced herein has been provided to counsel for defendant Ter-Mkrchyan. Unredacted versions will be provided to the defense at the time for disclosure of Jencks Act material ordered by the Court.

In addition, during the hearing, Ter-Mkrtchyan took the logically inconsistent and legally untenable position that introducing his murder-for-hire plot (Count Six) during the RICO Conspiracy trial would be too prejudicial,[2] yet the introduction of several other acts and threats of violence committed by other defendants would be perfectly proper. Not only does this position throw those co-defendants under the proverbial bus, it makes no sense. The Court noted as much during the hearing. There is no difference in either kind or degree between an aborted murder-for-hire plot and, for example, the fact that defendant Karapedyan tried to hire a sniper to shoot at and scare a business associate who owed him money and who he suspected of being an FBI informant. *See* Exhibit C-G, submitted under seal (Bates Nos. Karapedyan_Reports-737863 to 737872). Nor is it worse than the Stepanyans putting out a hit out on someone they believed to be providing information to law enforcement about their pharmaceutical fraud scheme. *See* Exhibit H, submitted under seal (Bates Nos. Karapedyan_Reports-737627 to Karapedyan_Reports-737629). It is also no worse than Mihran Stepanyan intimidating and actually assaulting another business associate with whom he engaged in a fraudulent scheme. *See* Exhibit J (submitted under seal). Indeed, it is no worse than any of the other acts that the government intends to introduce against the members of the enterprise—including other acts of threats and extortion by defendants Artur and Mihran Stepanyan (BB-819), defendants Sarkisyan and Khachtryan, and by defendant Zargaryan (BB-677, BB-708, BB-936). *See* Exhibits I-L (submitted under seal).[3] The defendant's only real objection to the inclusion of the murder-for-hire plot in the RICO conspiracy trial appears to be that it implicates *him*.

When the Court noted that Ter-Mkrtchyan's argument is somehow different is illogical, the defendant reverted to arguing that the murder-for-hire plot had nothing to do with the current charges—

---

[2] Ter-Mkrtchyan is set to be tried with the other Group One defendants on September 18, 2017: 1) Maxwell Starsky; 2) Artin Sarkissians; 3) Dmitry Kustov; 4) Loui Artin; 5) Hripsime Khachtryan; 6) Tigran Sarkisyan; and 7) Ara Karapedyan.

[3] These exhibits constitute Jencks Act material. The government has therefore redacted portions of said documents that that do not directly relate to the arguments made herein or that would betray the identity of the witnesses. Each of the exhibits referenced herein has been provided to counsel for defendant Ter-Mkrchyan. Unredacted versions will be provided to the defense at the time for disclosure of Jencks Act material ordered by the Court.

an assertion that Exhibits A-B show is patently false. Unfortunately for defendant Ter-Mkrtchyan, under any analysis of his two bad arguments, his motion should fail. The failed murder-for-hire plot rightfully belongs in the RICO conspiracy trial, and should be heard along with the other acts and threats of violence perpetrated by these defendants. Count One (RICO conspiracy) correctly alleges that one of the purposes of the enterprise is "eliminating **through violence and the threat of violence** individuals who opposed or angered enterprise members and associates" and the government should be entitled to prove just that through all admissible evidence.[4]

## CONCLUSION

For these and all the reasons discussed on the record, severance would be inappropriate and a tremendous waste of judicial resources. The defendant cannot meet his burden to show manifest prejudice and his motion should be denied.

Dated: March 6, 2017

ALEX G. TSE
First Assistant United States Attorney
Acting Under Authority Conferred by
28 U.S.C. § 515

By: ________/s/____________
DAMALI A. TAYLOR
MARC PRICE WOLF
CLAUDIA A. QUIROZ
Assistant United States Attorneys

[4] Indeed, the government could have added the murder for hire, as well as all the other conduct as overt acts.