1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  CLAUDIA A. QUIROZ (CABN 254419)
   Assistant United States Attorneys
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7428
7       FAX: (415) 436-7234
        claudia.quiroz@usdoj.gov
8
   Attorneys for United States of America
9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,           ) CASE NO. CR 15-00234 CRB
                                         )
14 |     Plaintiff,                      ) UNITED STATES' OPPOSITION TO
                                         ) DEFENDANT ARTUR STEPANYAN'S
15 |   v.                                ) MOTION TO MODIFY CONDITIONS OF
                                         ) RELEASE
16 | ARTUR STEPANYAN,                    )
                                         ) Date:  April 11, 2022
17 |     Defendant.                      ) Time:  12:00 p.m.
                                         ) Judge: Hon. Thomas S. Hixson
18

19     The United States of America ("the government") hereby submits its opposition to Defendant

20 Artur Stepanyan's motion to modify his conditions of pretrial release. Stepanyan seeks to remove both

21 his father as third-party custodian and his father's property, 3521 Country Club Drive, Glendale,

22 California, as security from his bond. Consistent with the position of the United States Probation Office,

23 the government does not object to the release of Stepanyan's father as third-party custodian but does

24 object to the modification of the security posted as bond.

25     The government opposes this request because the removal of the 3521 Country Club Drive

26 property—which, per Zillow.com, is currently valued at approximately $2.6 million—would eliminate a

27 significant motivation for Stepanyan to continue to adhere to his pretrial release conditions. Given his

28 history and significant sentencing exposure in this matter, the government believes this defendant

UNITED STATES' OPPOSITION                1
CR 15-00234 CRB

remains a flight risk and the bond should not be modified.

### A. The 3521 Country Club Drive Property as Security is Needed to Ensure Stepanyan's Compliance with his Pretrial Release Conditions

Stepanyan stands to be sentenced for his conduct in the above-referenced matter on December 14, 2022. He was convicted of Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) and faces a sentence of between 78 to 135 months in prison. Of the 38 defendants charged in this matter, Stepanyan is one of the most culpable. He profited greatly from an extensive drug diversion scheme that he and others orchestrated. The amount of money involved in the scheme—close to $200 million—which spanned a period of over five years, is staggering. Stepanyan's plea agreement contains a detailed factual basis spanning ten pages in which he describes each aspect of the multi-faceted scheme in which he was involved. *See* Dkt. No. 1506.

In addition, Stepanyan has a history of noncompliance. On December 6, 1999, Stepanyan was convicted of health care fraud (18 U.S.C. 1347) in the Eastern District of California. *See United States v. Arthur Stepanyan*, Case No. CR 99-00311 FCD-1, Dkt. No. 1 (E.D. Cal.) (defendant charged under the name "Arthur Stepanyan"). On February 14, 2000, the district court sentenced Stepanyan to 60 months' probation. *Id.* at Dkt. Nos. 11, 12. Stepanyan subsequently violated the terms of his probation and was revoked. On July 10, 2000, Stepanyan was sentenced to 12 months' imprisonment and 36 months' supervised release. *Id.* at Dkt. No. 19.

To date, Stepanyan has had a $2.6 million motivation to comply with his pretrial conditions. Facing a significant sentence in less than a year, he is likely to flee or not continue complying if that motivation is removed.

///
///
//
///
///
///
///

### B. Conclusion

For the foregoing reasons, the Court should deny the defendant's motion to modify his conditions of pretrial release.

DATED: April 8, 2022											Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

_____/s/_____
CLAUDIA A. QUIROZ
ANDREW F. DAWSON
Assistant United States Attorneys